IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMERS EDGE INC.,<br>FARMERS EDGE (US) INC. and<br>FARMERS EDGE (US) LLC,<br><br>           Plaintiffs,<br><br>    vs.<br><br>FARMOBILE, LLC,<br>JASON G. TATGE,<br>HEATH GARRETT GERLOCK, and<br>RANDALL THOMAS NUSS,<br><br>           Defendants. | 8:16CV191<br><br>ORDER |

      This matter is before the court on Clarke Gerlock's Motion to Intervene (Filing No. 54). Clark Gerlock seeks leave to intervene and file a Third-Party Complaint as a matter of right, pursuant to Federal Rule of Civil Procedure 24(a)(2), or in the alternative, permissively, pursuant to Rule 24(b)(1)(B). Although the plaintiffs oppose intervention as a matter of right, the plaintiffs do not oppose permissive intervention by Clark Gerlock at this time. **See** Filing No. 63 - Response p. 3. The defendants did not oppose intervention.

      The plaintiffs filed this lawsuit alleging, among other things, the defendants Jason Tatge and Heath Garrett Gerlock breached their obligations to their former employer, Crop Ventures, and unlawfully exploited trade secrets to form their own competing company, Farmobile. **See** Filing No. 40 - Amended Complaint. These defendants filed counterclaims against the plaintiffs. **See** Filing No. 44. Clark Gerlock, although never employed by Crop Ventures, alleges he and his brother, the defendant Heath Garrett Gerlock, both claim breach of contract, promissory estoppel, unjust enrichment, and fraudulent misrepresentation arising out of services they performed for Crop Ventures, a company formed to develop and commercialize their inventions. **See** Filing No. 67 - Reply p. 2; Filing No. 55 Ex. 1 - Proposed Third-Party Complaint.

      Under these preliminary facts alleged by the parties and the procedural circumstances of this case, the court finds Clark Gerlock's proposed claims share common questions of law or fact with the main action and Clark Gerlock timely moved

to intervene. Further, allowing intervention will not cause undue delay or prejudice. Finally, because the plaintiffs consent to permissive intervention, at this time the court need not determine whether Clark Gerlock enjoys intervention as of right. Accordingly, the court grants Clarke Gerlock's motion for permissive intervention, pursuant to Rule 24(b)(1)(B), and delivers no opinion with regard to intervention as of right. Upon consideration,

**IT IS ORDERED**:

1. Clarke Gerlock's Motion to Intervene (Filing No. 54) is granted.

2. Clarke Gerlock shall have to **on or before October 7, 2016**, to file a third-party complaint.

Dated this 28th day of September, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge