IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMERS EDGE INC., FARMERS EDGE (US) INC., and FARMERS EDGE (US) LLC,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>FARMOBILE, LLC, JASON G. TATGE, HEATH GARRETT GERLOCK, and RANDALL THOMAS NUSS,<br><br>　　　　Defendants. | 8:16CV191<br><br>STIPULATED PROTECTIVE ORDER |

This matter is before the court on the parties' Stipulation and Joint Motion for Protective Order and ESI Protocol Governing the Disclosure and Use of Discovery Materials (Filing No. 76).  The parties' stipulation is adopted as set forth herein.

　　　1.　　As used in the Protective Order, these terms have the following meanings:

　　　　　a.　　"Action" means the instant litigation, Farmers Edge Inc. et al. v. Farmobile, LLC, et al., Case No. 8:16-CV-00191-TDT (D. Neb.);

　　　　　b.　　"Party" means any party to this Action, including all of its officers, directors, employees, consultants, investors, trustees, authorized agents, Experts, House Counsel, and Outside Counsel (and their respective support staffs);

　　　　　c.　　"Disclosure" or "Discovery Material" means all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery under the Federal Rules of Civil Procedure in this matter;

　　　　　d.　　"Producing Party" means any Party or non-party who discloses or produces Disclosure or Discovery Material in the Action;

　　　　　e.　　"Designating Party" is a party or non-party that designates Disclosure or Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" pursuant to this Protective Order;

  f. "Document(s)" or "document(s)" are all materials within the scope of Fed. R. Civ. P. 34;

  g. "Protected Material" means any Disclosure or Discovery Materials that is designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" pursuant to this Protective Order;

  h. "Receiving Party" is a party or person that receives documents or information designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" pursuant to this Protective Order; and

  i. "Written Assurance" means an executed document in the form attached as Exhibit A.

  2. This Order shall be applicable to and govern without limitation, all information, documents, testimony and/or things, or portions thereof, subject to discovery in this action, which contain non-public information that is, confidential and/or proprietary information and/or trade secret information designated pursuant to the terms of this Order, as well as any secondary material, such as pleadings, written discovery, expert reports, notes, summaries or any other materials that contain and/or describe with particularity such information.  Such materials in this case shall be used exclusively for litigating the disputes in this action and not in any other matter.

  3. Any Producing Party may designate Disclosure or Discovery Material as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" as long as it meets the requirements for the designations as described below.  A Receiving Party actually accessing materials designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall use such materials, and all information obtained therefrom, solely for the purpose of this litigation, unless the Receiving Party independently acquires such information independently from the designated materials in this action.

4.      "The "CONFIDENTIAL" designation is reserved for information (regardless of how generated, stored, or maintained) or tangible things that may be protected under Federal Rule of Civil Procedure 26(c), including information that a Designating Party believes to be of a confidential and/or proprietary business or technical nature and not readily available to competitors, potential competitors, and/or other third parties, or otherwise subject to a condition of confidentiality.

5.      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

   a.   the Receiving Party's outside counsel, their staff, and their litigation support personnel and businesses including consultants and translators, commercial litigation support service vendors, provided such vendors are subject to conditions of confidentiality in connection with material designated under this Protective Order;

   b.   any testifying expert or non-testifying expert consultant whom the Receiving Party retains to assist in the Actions, provided that disclosure is only to the extent necessary to perform such work, and provided that: (a) such person has executed an "Written Assurance" in the form attached as Exhibit A, agreeing to be bound by the terms of this Protective Order, and (b) in the event the notice of the expert is required under this Protective Order, no unresolved objections to such disclosure exist after such notice has occurred;

   c.   any persons who: (a) appear on the face of the designated CONFIDENTIAL material as an author, addressee, or recipient thereof, or (b) are witnesses during a court hearing, or trial where specific documentary or testimonial evidence or other circumstances establishes that the designated CONFIDENTIAL material was authored or received by the witness or that the witness previously had authorized access to the information;

   d.   court reporters and their staff, as well as graphics , translation, design and/or trial consultants ("Professional Vendors")), and/or mock jurors to whom disclosure is reasonably necessary for the Actions and who have signed the acknowledgement form attached as Exhibit A. Signature of the

3

acknowledgement form attached as Exhibit A by an authorized representative of a Professional Vendor will be construed to encompass all employees of the Professional Vendor;

 e. the Court, jury, and court personnel;

 f. any other person with the prior written consent of the Producing Party; and

 g. any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

6. The "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation is reserved for Protected Material that constitutes or contains trade secrets or other non-public, highly sensitive confidential research, development, technical, business operations, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the producing party; Protected Material obtained from a non-party pursuant to a current Nondisclosure Agreement ("NDA"); and settlement agreements, the disclosure of which is likely to cause harm to the competitive position of the producing party. In determining whether information should be designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," each party agrees to use such designation only in good faith.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

 a. the Receiving Party's outside counsel, their staff, and their litigation support personnel and businesses including consultants and translators, commercial litigation support service vendors, provided such vendors are subject to conditions of confidentiality in connection with material designated under this Protective Order;

 b. any testifying expert or non-testifying expert consultant whom the Receiving Party retains to assist in the Actions, provided that disclosure is only to the extent necessary to perform such work, and provided that: (a) such person has executed an "Written Assurance" in the form attached as Exhibit A, agreeing to be bound by the terms of this Protective Order, and (b) in the event the notice

of the expert is required under this Protective Order, no unresolved objections to such disclosure exist after such notice has occurred;

    c.    the Court, jury and court personnel;

    d.    court reporters and their staff, Professional Vendors, and/or mock jurors to whom disclosure is reasonably necessary for the Actions and who have signed the acknowledgement form attached as Exhibit A. Signature of the acknowledgement form attached as Exhibit A by an authorized representative of a Professional Vendor will be construed to encompass all employees of the Professional Vendor;

    e.    any persons who: (a) appear on the face of the designated CONFIDENTIAL—ATTORNEYS' EYES ONLY material as an author, addressee, or recipient thereof, or (b) are witnesses during a court hearing, or trial where specific documentary or testimonial evidence or other circumstances establishes that the designated CONFIDENTIAL—ATTORNEYS' EYES ONLY material was authored or received by the witness or that the witness previously had authorized access to the information.

    f.    any other person with the prior written consent of the Producing Party; and

    g.    any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

8.    The designation "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" is reserved for any source code (including comments contained therein), object code, RTL, HDL or other hardware description language, schematics, live data (that is, data as it exists residing in a database or databases), or pseudo-source-code (i.e., a notation resembling a programming language but not intended for actual compilation, which usually combines some of the structure of a programming language with an informal natural-language description of the computations to be carried out) (collectively referred to herein as "Source Code"), disclosure of which to another Party or non-Party would create a substantial risk of harm that could not be avoided by less restrictive means. Nothing in this protective order shall be construed so as to (i) obligate the parties to produce source code, (ii) serve as an admission that source code

of any type is discoverable in this litigation, or (iii) waive any party's right to object on any ground to the production of source code. In the event that source code is produced in this litigation, source code designated "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall be afforded the following additional protections:

 a. Absent separate agreement between the Designating and Receiving Parties, Source Code shall be produced in one of the following ways:

  (i) A copy of Source Code may be produced by transfer in a manner that permits an authorized user to view, search, and analyze the Source Code and print or otherwise duplicate as permitted by this Order.

  (ii) A copy of Source Code may be produced by transfer of encrypted files or media. The Designating Party may elect the encryption technology. The Receiving Party may duplicate the encrypted files or media, but may not duplicate unencrypted files or media. Encrypted files may be provided on or transferred to a secure external hard drive and provided to the office of the Receiving Party's outside counsel of record or an expert, which:

   (1) shall, at all times, employ strong password authentication before access to it, its storage, or its services is allowed, and again after five (5) minutes of idle time;

   (2) shall not be accessible via, or otherwise connected to, any external or public network (whether wired and wireless) and

   (3) shall only reside on an external drive and be reviewed on a standalone computer isolated from direct or indirect access from public or other external sources, and only when produced Source Code exists on the computer exclusively in encrypted form, but said source code shall not be downloaded onto the standalone computer; and

  (iii) The Source Code may exist on an external drive only in its encrypted form, except for the particular periods when the computer is in active, actual use by those persons permitted by this Order to access the Source Code who are examining the Source Code for purposes of

prosecuting this litigation, during which periods it may be decrypted, and able to be viewed, searched and analyzed and printed or otherwise duplicated as permitted by this Order. After each such period, the decrypted Source Code shall be securely deleted in a manner which shall prevent the recovery of decrypted Source Code, or any portion thereof. Information for decrypting the Source Code, or any portion thereof (for example a key, passphrase, or portion thereof) shall (1) not be stored on, with, or near either media containing the encrypted Source Code or any computer to which the encrypted Source Code is transferred; (2) not be persistently stored on any computer which has access to any public or external network unless separately encrypted in a comparable manner as the Source Code and prevented from unauthorized decryption; (3) at all times be kept strictly confidential and not disclosed except to persons who under this Order are permitted to access the Source Code; and (4) not be placed in transit simultaneously with either the encrypted Source Code or any computer or media to which the encrypted Source Code is transferred.

(iv) The Designating Party will produce the source code and all related files in native format and broken out by version number and, if applicable, product name and/or product model number.

(v) The production of a given version of source code and related files will preserve all file names, directory names, modification and/or commit dates, and organizing structures.

b. No person shall copy, transmit, transfer, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code in decrypted form, except as follows:

(i) Excerpts of Source Code may be:

(1) printed using printers attached to a computer containing the Source Code;

(2) converted to an image-only format either directly from a computer containing the Source Code or from Paper Copies for

7

the purpose of compiling (1) attachments to expert reports or declarations, (b) deposition exhibits, or (c) for submission to the court in or use in trial or at a hearing;

(3) the parties shall endeavor to keep to a minimum the amount of Source Code that is so printed or converted and shall destroy any printed or converted excerpts that are determined not to be relevant to any claim or defense of any party;

(4) the printouts shall include bates numbers with a prefix of "[Designating Party]-SRC" and the label "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" and shall be treated as such in accordance with the provisions of this Order; and

(5) excerpts of limited portions of the Source Code authorized pursuant to this subsection, and the attachments, exhibits, or submissions containing them, or copies thereof, retained by the Receiving Party must be kept in a secured container or location at all times.

(ii) Provided that the output is provided the same protections as Source Code, persons permitted by this Order to access the Source Code may

(1) employ industry-accepted source code analytical tools to generate analytical output from the Source Code that includes or represents portions thereof reasonably believed by such persons as needed for analysis to prosecute this litigation; and

(2) convert excerpts of Source Code to an image-only format either directly from a computer containing the Source Code or from Paper Copies for such persons' analysis or review of the Source Code excerpts.

(iii) Any printouts of "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" material shall be stored at a facility using appropriate and reasonable security measures only at (i) the offices of outside counsel for the Receiving Party; (ii) the offices of outside experts

or consultants; (iii) temporarily at the site where any deposition is taken and for preparation for and use at said deposition, (iv) the Court; or (v) any intermediate location necessary to transport the information to one of the foregoing locations. Any printouts shall be maintained at all times in a secure location preventing access by individuals unauthorized to view "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" material, and shall be destroyed within sixty (60) days of the conclusion of this action by settlement or final judgment, including exhaustion of all appeals, as required under Paragraph 21 below. Upon reasonable request of the Designating Party, the Receiving Party will provide written confirmation of the number of printouts made of "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" material.

 c. Disclosure or Discovery Material designated as "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" may be disclosed only to:

 (i) the Receiving Party's outside counsel, their staff, and their litigation support personnel and businesses including consultants and translators, commercial copying vendors, data processing vendors, e-discovery vendors, and/or database services;

 (ii) any testifying expert or non-testifying expert consultant whom the Receiving Party retains to assist in the Actions, provided that disclosure is only to the extent necessary to perform such work, and provided that: (a) such person has executed an "Written Assurance" in the form attached as Exhibit A., agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 9 below;

 (iii) the Court, jury, and court personnel;

 (iv) court reporters and their staff, Professional Vendors, and/or mock jurors to whom disclosure is reasonably necessary for the Actions and who have signed the acknowledgement form attached as Exhibit A. Signature of the acknowledgement form attached as Exhibit A by an

authorized representative of a Professional Vendor will be construed to encompass all employees of the Professional Vendor;

(v) any other person with the prior written consent of the Producing Party;

(vi) any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

9. Prior to the disclosure of any Protected Material pursuant to the Order to any expert witness, consultant, investigator, mediator and/or translator, such expert witness, consultant, investigator, mediator and/or translator shall review and execute the Written Assurance (Exhibit A) and return a signed copy to counsel for the Producing or Designating Party. Counsel for the Producing or Designating Party shall retain a copy of the Written Assurance for a period of five (5) years following entry of a final judgment in this matter. In addition, prior to the disclosure of any Protected Material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," counsel intending to disclose such material to an expert witness, consultant, and/or investigator designated in paragraphs 7 or 8 without providing notice to the Producing/Designating Party, must confirm in writing that they have obtained from said expert an executed copy of Exhibit A All such affidavits shall be retained for a period of five (5) years following entry of a final judgment in this matter. Such affidavits shall be provided to the Producing or Designating Party during the litigation only upon a showing of good cause. Such affidavits shall be made available to the Producing or Designating Party following final judgment in the litigation for the purpose of enabling the Producing or Designating Party to confirm that no misuse of confidential information has occurred. In the event that any reasonable uncertainty exists as to whether expert witness, consultant, and/or investigator is a competitor of a party, prior to the disclosure of any material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," counsel intending to disclose such material to said expert witness, consultant, and/or investigator designated in paragraphs 7 or 8 shall first make a written request to the Designating Party that: (1) sets forth the full name of the expert and the city and state of his or her primary residence; (2) attaches a copy of the

expert's current resume; (4) identifies the expert's current employer(s); (3) identifies each person or entity from whom the expert has received compensation or funding for work in his or her area of expertise or to whom the expert has provided professional services at any time during the preceding three years.[1] A party that makes a request and provides the information specified in paragraph 9 may disclose the material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" to the identified expert unless, within 14 days of delivering the request, the party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

      a. A party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within ten days of the written objection. If no agreement is reached, the party seeking to make the disclosure to an expert may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail, but without disclosing attorney-client privileged information and/or information protected from disclosure under the work product doctrine, the reasons why the disclosure to the expert/consultant/investigator is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

    10. **Third Parties.** Third parties producing documents in the course of this action may also designate documents as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served

---

[1] If the expert believes any of this information is subject to a confidentiality obligation to a third party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the party seeking to disclose to the expert shall be available to meet and confer with the Designating Party regarding any such engagement.

in connection with this action. All documents produced by such third parties shall be treated as "CONFIDENTIAL –ATTORNEYS' EYES ONLY" for a period of 14 days from the date of their production, and during that period any party may designate such documents as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE –ATTORNEYS' EYES ONLY" pursuant to the terms of the Protective Order.

11. Draft Reports. Drafts of expert reports and declarations, other writings generated by testifying experts with respect to their work in this case, and communications between outside counsel and experts relating to their work in this case are exempt from discovery in this or any other litigation, unless relied on by the expert as a basis for his or her expert opinion or testimony. Nothing in this Order shall be construed to limit the discovery or examination of expert witnesses concerning documents containing factual information or other factual information relied on by the expert as a basis for his or her final opinions in this case, or compensation received by such expert witness for his or her testimony, if any, including but not limited to disclosures required by Fed. R. Civ. P. 26(a)(2)(B)(vi).

12. Depositions.

a. A deponent may be shown Protected Material during examination in his or her deposition if

(i) the deponent is an author or was a recipient of such Protected Material;

(ii) the Protected Material was produced in this litigation by the deponent, the deponents employer, another party on the same side as the deponent;

(iii) testimony or other circumstances indicate that the deponent previously had or was authorized to access such Protected Material or knows its contents; or

(iv) the Designating Party has otherwise consented either in writing or on the record during the deposition to the showing of the Protected Material to the witness.

   b. Witnesses shall not be permitted to retain copies of the Protected Materials or exhibits, although they may be reviewed in connection with the reading and signing of the final transcript by the deponent.

   c. All depositions or portions of depositions or exhibits to depositions taken in this action that contain trade secret or other confidential information may be designated "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and thereby obtain the protections accorded other "CONFIDENTIAL" OR "CONFIDENTIAL – ATTORNEYS' EYES ONLY" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 days of receipt of the final transcript unless otherwise extended by agreement. Unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL –ATTORNEYS' EYES ONLY" during the 14-day period following receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Protected Material shall be taken only in the presence of persons who are qualified to have access to such Protected Material. Whether a witness is qualified to view certain Protected Material may be established by testimony taken during the deposition.

  13. Any notes, lists, memoranda, indices, compilations, or other documents prepared or based on an examination of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" material with such specificity that the "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" material can be identified, shall be accorded the same status of confidentiality as the underlying "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" material from which they are made and shall be subject to all of the terms of this Protective Order.

  14. Inadvertent Disclosure of Protected Material. Any party who inadvertently fails to identify documents as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall have 14 days from the discovery of its oversight to correct its failure. Such failure

shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive such documents and exchange them with documents with the corrected designation.

15. Inadvertent Disclosure of privileged material. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such inadvertently produced documents or certify their destruction, including all copies, within 14 days of receiving such a written request. The party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

16. Use of Protected Material in motion, hearing, or trial. All transcripts of depositions, exhibits, responses to discovery requests, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," or which contain information so designated, shall be filed electronically under seal in accordance with NECivR 7.5 or order(s) of this Court, or if electronic submission is impossible, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words ""CONFIDENTIAL [or CONFIDENTIAL –ATTORNEYS' EYES ONLY or CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY]" – Under Protective Order" and a statement substantially in the following form:

> This envelope contains protected information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

Prior to disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY," the parties may seek further protections against public disclosure from the Court.

17. Any party may request a change in the designation of any information designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY." Any such document shall be treated as designated until the change is completed. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" in the action may be affected. The party asserting that the material is Protected Material shall have the burden of proving that the material in question qualifies for the designation.

18. The recipient of any "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" material provided under this Protective Order shall maintain such information in a secure and safe manner that ensures that access is limited to the persons authorized under this Protective Order, and shall further exercise at least the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own confidential proprietary information.

19. Any Designating Party may redact from the documents and things it produces matter that the Designating Party claims is subject to attorney-client privilege, work product immunity, a legal prohibition against disclosure, or any other privilege, protection, or immunity. The Designating Party shall mark each document where matter has been redacted with a legend stating "REDACTED," as appropriate, or a comparable notice, and provide a privilege log that identifies the document by Bates No., specifies the basis for the redaction (e.g., type of claimed privilege), the identity of the parties reflected on the document as necessary to support the claim of privilege, and sufficient additional information concerning the document's contents so as to assess the claim of privilege. Where a document consists of more than one page, at least each page on which information has been redacted shall be so marked. The Designating Party shall preserve an unredacted version of each such document. In addition to the foregoing, the following shall apply to redactions of Protected Source Code:

  a. the process to change the confidentiality designations of redactions shall be the same as the process for changing designations of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" material as set forth in Paragraph 17; and

  b. to the extent that native format files are produced, redactions may be made to those native files, provided that no more information than necessary is redacted or changed.

 20. Within 60 days of the termination of the Actions, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as Protected Material, and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction as within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court, their work product, all deposition transcripts and deposition exhibits, and all correspondence generated in connection with the action.

 21. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

 22. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

 23. In no event shall a Receiving Party use Designated Material of a Designating Party for the purpose of preparing or prosecuting any patent application, in the United States or any foreign or international patent office. Outside Counsel who are given access to material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" under Paragraphs 5, 7 and 8 above and who actually access any such material shall not themselves, or on behalf of a party to this action, prepare, counsel or assist others with the preparation, filing, or prosecution of any new patent application in the same field as automated systems and methods for capturing farming operation data in real time using CANbus

data collection devices, to process, share, and foster analysis of agronomic data as disclosed in the material designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" for the duration of this litigation and for a period of one (1) year following termination of this action by settlement or final judgment. Experts who are given access to material designated "CONFIDENTIAL— ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE—ATTORNEYS' EYES ONLY" under Paragraphs 5, 7, and 8 above and who actually access any such material shall not themselves, or on behalf of a party to this action, currently or in the future prepare, counsel or assist others with the preparation, filing, or prosecution of any patent application concerning automated systems and methods for capturing farming operation data in real time using CANbus data collection devices, to process, share, and foster analysis of agronomic data for a period of one (1) year following termination of this action by settlement or final judgment.

24. The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the parties shall remove any materials designated "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" materials.

25. This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

**IT IS SO ORDERED**.

Dated this 24th day of October, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge
