IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMERS EDGE INC., FARMERS EDGE (US) INC., AND FARMERS EDGE (US) LLC,<br><br>            Plaintiffs,<br><br>    vs.<br><br>FARMOBILE, LLC, JASON G. TATGE, HEATH GARRETT GERLOCK, AND RANDALL THOMAS NUSS,<br><br>            Defendants. | 8:16CV191<br><br>ORDER |

This matter is before the Court on Defendants/Counterclaim Plaintiffs' Motion for Leave to Amend Answer and Counterclaims. (Filing No. 85.) For the reasons expressed below, the motion will be granted.

## BACKGROUND

Plaintiffs Farmers Edge, Inc., Farmers Edge (US) Inc., and Farmers Edge (US) LLC (collectively "Plaintiffs") instituted this action on April 29, 2016. (Filing No. 1.) Defendants/Counterclaim Plaintiffs Farmobile, LLC, Jason G. Tatge, Heath Garrett Gerlock, and Randall Thomas Nuss (collectively "Defendants") filed their Answer and Counterclaims on July 8, 2016. (Filing No. 44.) The Answer and Counterclaims contains fraudulent misrepresentation counterclaims asserted on behalf of Defendants Gerlock and Tatge.

On August 19, 2016, Plaintiffs moved to dismiss the fraudulent misrepresentation counterclaims pursuant to Federal Rules of Civil Procedure 9(b) and 12(b)(6). (Filing No. 65.) Plaintiffs' Motion to Dismiss is presently pending before the Court.

## DISCUSSION

Defendants seek leave to amend their pleading in order to add factual details regarding their fraudulent misrepresentation counterclaims. Defendants maintain that through ongoing discovery, they have identified facts and communications which provide additional detail upon which to base these counterclaims.

Plaintiffs oppose Defendants' Motion to Amend, and request that the Court hold the motion in abeyance pending a ruling on Plaintiffs' Motion to Dismiss. (Filing No. 65.) Plaintiffs assert that the Motion to Amend is premature because the proposed amendment will not remedy all the alleged defects in the fraudulent misrepresentation counterclaims. Thus, according to Plaintiffs, the most efficient course would be for the Court to refrain from ruling on the Motion to Amend until Plaintiffs' Motion to Dismiss is resolved.

Under Federal Rule of Civil Procedure 15, a court should "freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15. Nevertheless, the right to amend is not limitless. "A denial of leave to amend may be justified by undue delay, bad faith on the party of the moving party, futility of the amendment or unfair prejudice to the opposing party." *Amrine v. Brooks*, 522 F.3d 823, 833 (8th Cir. 2008) (quotation and citation omitted). Whether to grant a motion for leave to amend is within the sound discretion of the district court. *Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008).

The Court sees no real reason not to grant Defendants' Motion to Amend at this time. This case is less than a year old, and the motion is timely under the initial progression order. (Filing No. 49.) There has been no assertion that Defendants acted in bad faith in seeking to amend or that Plaintiffs would be unfairly prejudiced by the requested amendment. Plaintiffs' unsupported assertion that the proposed amendment will not cure all deficiencies in the counterclaims does not support the legal conclusion that amendment would be futile. *See Briscoe v. County of St. Louis, Missouri*, 690 F.3d 1004, 1015 (8th Cir. 2012) (stating that when a court denies leave to amend on the basis of futility, "it means the district court has reached the legal

conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6))."

Moreover, judicial economy favors allowing Defendants to amend at this time. It makes little sense for the Court to undergo the process of analyzing alleged deficiencies in the fraudulent misrepresentation counterclaims, only to have the deficiencies cured by a previously-requested amendment. Therefore, Defendants' Motion to Amend (Filing No. 85) will be granted.

**IT IS ORDERED** that Defendants/Counterclaim Plaintiffs' Motion for Leave to Amend Answer and Counterclaims (Filing No. 85) is granted. Defendants shall file their proposed amended pleading by February 13, 2017. Plaintiff shall respond to the amended pleading within fourteen days of its submission.

Dated this 8th day of February, 2017.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge