IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMERS EDGE INC., FARMERS EDGE (US) INC., and FARMERS EDGE (US) LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMOBILE, LLC, JASON G. TATGE, HEATH GARRETT GERLOCK, and RANDALL THOMAS NUSS,<br><br>Defendants. | 8:16CV191<br><br>AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE |

**This matter** is before the Court on the Joint Motion to Alter Certain Deadlines Set in the Scheduling Letter (Filing No. 127.)  This Motion is granted.

Accordingly,

**IT IS ORDERED** that the earlier Order Setting Final Schedule for Progression of Case (Filing No. 108) is modified as set forth below.  All deadlines not specifically mentioned in this Order remain as set in the earlier Final Schedule for Progression of Case.

1. **Discovery Deadlines:**

    a. **Deposition Deadline.**  All depositions, whether or not they are intended to be used at trial, shall be completed by **October 9, 2017**.

    b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **September 15, 2017**.  Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion**.

    c. **Discovery Motions.** Discovery motions shall be filed not later than **August 15, 2017,** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline.  Counsel are reminded of the provisions of NECivR 7.0.1(i).  Motions to compel shall not be filed without first contacting the chambers of

the undersigned magistrate judge to set a conference to discuss the parties' dispute.

2. **Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, third-party claimant and cross-claimant shall, as soon as practicable but not later than **July 17, 2017**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, third-party defendant and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **August 21, 2017**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, third-party claimant or cross-claimant may disclose additional expert witnesses not later than **September 18, 2017**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

DATED this 28th day of March, 2017.

BY THE COURT:

/s Susan M. Bazis
United States Magistrate Judge

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).