**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| FARMERS EDGE INC., FARMERS EDGE (US) INC., and FARMERS EDGE (US) LLC,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>FARMOBILE, LLC, JASON G. TATGE, HEATH GARRETT GERLOCK, and RANDALL THOMAS NUSS,<br><br>　　　　　　Defendants. | 8:16CV191<br><br>**FOURTH AMENDED ORDER SETTING FINAL SCHEDULE FOR PROGRESSION OF CASE** |

　　　　A telephone conference was held in this matter on **July 27, 2017** to discuss progression matters. Pursuant to the discussion held during the conference,

　　　　**IT IS ORDERED** that the provisions of the Court's earlier, initial progression order and subsequent amended progression order remain in effect, and in addition to those provisions, the following shall apply:

　　　　1.　　**Motions for Summary Judgment.** Motions for summary judgment shall be filed not later than **January 5, 2018**. *See* NECivR 56.1 and 7.0.1.

　　　　2.　　**Disclosure of Expert Witnesses.**[1] Each plaintiff, counter-claimant, third-party claimant, and cross-claimant shall, as soon as practicable but not later than **October 6, 2017, for all experts except experts opining regarding the parties' software code content and architecture (hereinafter "software experts"), whose deadline will be October 23, 2017**, serve all opposing parties with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence. Each defendant, counter-defendant, third-party defendant, and cross-defendant shall serve its statement of the expert witnesses it expects to call to testify pursuant to Rule 702, 703 or 705, Fed. Rules of Evidence, pursuant to Fed. R. Civ. P. 26(a)(2) as soon thereafter as practicable, but not later than **November 3, 2017, with the exception of software experts, whose deadline will be November 20, 2017**. If necessary to refute the disclosed opinions of an expert witness of an opponent, a plaintiff, counter-claimant, third-party claimant, or cross-claimant may disclose additional expert witnesses not later than **December 1, 2017, with the exception of software experts, whose deadline will be December 18, 2017**, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert

---

[1] A treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A), but a treating physician is not deemed to be "retained or specially employed to provide expert testimony in a case" so as to require a written report under Fed. R. Civ. P. 26(a)(2)(B).

witness available for deposition prior to the date set for completion of depositions. Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e). The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

3. **Discovery Deadlines.**

   a. **Deposition Deadline.** All depositions, whether or not they are intended to be used at trial, shall be completed by **December 22, 2017, with the limited exception that this deadline may be extended by agreement of the parties: (a) solely to permit time to take the depositions of a corporate representative of OSB AG Munich and any of its employees in Germany as the parties must comply with Hague Convention processes and German laws with the result that additional time may be required to complete these depositions; and (b) to take depositions of rebuttal software experts.**

   b. **Written Discovery Deadline.** All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be completed by **October 27, 2017**. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, but such extensions shall not extend any of the dates in this order; **any request to extend the deadlines of this order shall be sought by motion.**

   c. **Discovery Motions.** Discovery motions shall be filed not later than **September 26, 2017** as to matters which are then ripe for decision; discovery matters arising after that date may be the subject of motions until the deposition deadline. Counsel are reminded of the provisions of NECivR 7.01(i). Motions to compel shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference to discuss the parties' dispute.

4. **Confidentiality Designations And Errata Sheets.** The deadline for designating deposition transcripts and exhibits as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the Stipulated Protective Order (Filing No. 77) shall be **August 10, 2017** for any deposition transcripts as to which the deadline for those designations would have been during the period from July 6, 2017 through July 27, 2017, and the deadline for errata sheets for those depositions shall be **August 28, 2017**.

5. **Pretrial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall serve opposing counsel and file a redacted version as applicable with the following information regarding the evidence it may present at trial other than solely for impeachment purposes as soon as practicable but not later than the date specified:

a. **Nonexpert Witnesses - On or before April 2, 2018:** The name, address and telephone number[2] of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

b. **Deposition Testimony and Discovery:** The designation of discovery testimony and discovery responses intended to be utilized at trial is not required at this time.

c. **Trial Exhibits - On or before April 2, 2018:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits, designating on the list those exhibits it may offer only if the need arises.

d. **Waiver of Objections.** Any and all objections to the use of the witnesses, deposition testimony, discovery responses, or exhibits disclosed pursuant to the above subparagraphs, including any objection pursuant to Fed. R. Civ. P. 32(a) that a deponent is available to testify at the trial, shall be made a part of the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) is a waiver of such objections, unless excused by the court for good cause shown.

6. **Motions in Limine.** Motions in limine challenging the admissibility of expert testimony at trial under Fed. R. Evid. 702, *see Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999), and *Daubert v. Merrell-Dow Pharmaceuticals*, 509 U.S. 579 (1993), shall be filed by **January 5, 2018**, and accompanied by a request for a hearing if necessary. Failure to timely move for a hearing may constitute waiver of the request for a hearing.

7. Any other motions in limine shall be filed on or before **April 18, 2018**.

8. The **Final Pretrial Conference** with the assigned magistrate judge is set for **April 25, 2018,** at 10:00 a.m. in chambers, 111 South 18th Plaza, Suite 2271, Roman L. Hruska United States Courthouse, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2.[3] By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin immediately thereafter. The pretrial conference will include a discussion of settlement, and counsel shall be prepared through investigation, discovery and communication with clients and insurers, if any, to discuss fully the

---

[2] In accordance with the E-Government Act, counsel shall, on witness lists, exhibits, and other disclosures and/or ***documents filed with the court***, redact Social Security numbers, home addresses, telephone numbers, and other personally identifying information of witnesses, but shall serve an unredacted version on opposing parties. See NECivR 5.0.3.

[3] All personal information should be redacted from the public version of the order and/or attachments filed with the Clerk. See NECivR 5.0.3.

subject of settlement, including realistic expectations about liability, obstacles to agreement, offers made, and offers which can be made at the conference.  Counsel shall be prepared to make additional offers or proposals for settlement in behalf of their clients at the pretrial conference, and counsel shall be prepared to make or opine on recommendations for further negotiations and conferences.

9. **A fourteen (14) day jury trial** is set to commence on **May 21, 2018**, in **Omaha**, Nebraska, before the **Honorable Joseph F. Bataillon**, Senior United States District Judge.  Unless otherwise ordered, jury selection shall be at the commencement of trial.

DATED this 16th day of August, 2017.

BY THE COURT:

/s Susan M. Bazis
United States Magistrate Judge