IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FARMERS EDGE INC., FARMERS EDGE (US) INC., and FARMERS EDGE (US) LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>FARMOBILE, LLC, JASON G. TATGE, HEATH GARRETT GERLOCK, and RANDALL THOMAS NUSS,<br><br>Defendants,<br><br>CLARKE GERLOCK,<br><br>Third-Party Plaintiff. | 8:16CV191<br><br>**ORDER** |

This matter is before the court on the parties' motions to exclude expert testimony, Filing Nos. 256, 270, 273, and motions in limine, Filing Nos. 343, 345, 347, 350, 353, 356, 358, 359, 363, 365, 367, 370, 373, and 376. In ruling on the parties' motions for summary judgment, this court dismissed many of the claims in this lawsuit. The remaining claims are set for jury trial on May 21, 2018.

The challenged experts' testimony relates to claims that have been dismissed and those motions will be denied as moot. Similarly, most of the motions in limine involve evidence that is not germane to the issues remaining in the case. Those motions, Filing Nos. 345 (billing records), 347 (Forster testimony on tortious interference) 350 (purported expert testimony by the individual defendants and patent attorney Grady White that relates to trade secrets and patent issues), 356 (bad faith character opinions that relate to trade secrets, conversion, trespass to chattels and

conspiracy claims), 359 (relating to evidence of trade secrets), 363 (relating to expert Aaron Ault's testimony on trade secrets), 365 (regarding expert Aaron Ault's legal conclusions), 370 (involving hearsay evidence of tortious interference), 373 (regarding evidence of "plan" and a basement meeting that relate to dismissed claims), and 376 (regarding damages for trade secrets violation) will also be denied as moot.

The remaining motions are more general challenges to evidence that may have some relevance to the remaining claims. Although the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings, performing a gatekeeping function and sharpening the focus for later trial proceedings, some evidentiary submissions, cannot be evaluated accurately or sufficiently by the trial judge in such a procedural environment. *Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997). A motion in limine is appropriate for "evidentiary submissions that clearly ought not be presented to the jury because they clearly would be inadmissible for any purpose." *Id.* In other instances, it is necessary to defer ruling until during trial, when the trial judge can better estimate the impact of the evidence on the jury. *Id.* To the extent that a party challenges the probative value of the evidence, an attack upon the probative sufficiency of evidence relates not to admissibility but to the weight of the evidence and is a matter for the trier of fact to resolve. *United States v. Beasley*, 102 F.3d 1440, 1451 (8th Cir. 1996).

The court is unable to evaluate the relevance of the remaining challenged evidence in the context of a pretrial motion. The evidence may be admissible for some purposes but not for others. The parties' concerns may warrant a cautionary or limiting instruction, but the court is unable to determine the ambit of such an instruction at this

2

time. The court will admit the evidence at issue only on a showing that it is relevant to the issues in the case, and only to the extent that the relevance of the evidence outweighs its potential to cause prejudice or confusion under Fed. R. Evid. 403. Many of the challenges are more in the nature of an objection at trial. The court finds the motions can be adequately resolved at trial, either in a hearing immediately prior to commencement of the trial, as an objection with a sidebar, or with a review of the evidence outside the presence of the jury. Accordingly, the court finds that the remaining motions in limine (Filing Nos. 343, 353, 358, and 367), should be overruled at this time, without prejudice to reassertion via timely objection at trial. Accordingly,

IT IS ORDERED that

1. The parties' *Daubert* motions and motions in limine (Filing Nos. 256, 270, 273, 345, 347, 350, 356, 359, 363, 365, 370, 373, and 376) are denied as moot.

2. The parties' remaining motions in limine (Filing Nos. 343, 353, 358, and 367) are overruled at this time without prejudice to reassertion.

Dated this 8th day of May, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge