IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

FARMERS EDGE INC., FARMERS EDGE (US) INC., and FARMERS EDGE (US) LLC,

    Plaintiffs,

vs.

FARMOBILE, LLC, JASON G. TATGE, HEATH GARRETT GERLOCK, and RANDALL THOMAS NUSS,

    Defendants.

8:16CV191

MEMORANDUM AND ORDER

This matter is before the Court on the opinion and mandate of the Court of Appeals for the Eighth Circuit, Filing Nos. 484 and 487, and on defendants/counterclaim-plaintiffs Farmobile, LLC's, Jason G. Tatge's, Heath Garrett Gerlock's, and Randall Thomas Nuss's, and third-party plaintiff Clarke Gerlock's (collectively, "Farmobile") reasserted motion to alter or amend the judgment entered on August 31, 2018, Filing No. 457, to include an award of costs to Farmobile as the prevailing party, Filing No. 489.[1]

I.    BACKGROUND

This action involves the disintegration of a business relationship. In response to plaintiffs/counterdefendants/third-party-defendant Farmers Edge Inc.'s, Farmers Edge (US) Inc.'s, and Farmers Edge (US) LLC's (collectively, "Farmers Edge") complaint asserting eleven claims focusing on allegations of theft of trade secrets, including a claim

---

[1] This Court entered an Order on December 19, 2018, denying Farmobile's earlier Motion to Alter or Amend the Judgment without prejudice to reassertion, pending the resolution of Farmers' Edge's appeal. Filing No. 478.

related to the then-newly enacted federal Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1831, *et seq.*, Farmobile filed counterclaims against Farmers' Edge for breach of contract, unjust enrichment, promissory estoppel, fraudulent misrepresentation, for a declaration of ownership to a patent application. Filing No. 109. Farmobile also filed an action in Douglas County District Court against Farmer's Edge generally alleging that Farmers Edge stole or converted Farmobile's property—a patent application, and seeking a declaration of ownership of the patent application, which Farmer's Edge removed to this court. *See Farmobile LLC, et al. v. Farmer's Edge and Ron Osborne*, No. 17cv225 (D. Neb.). This Court found the action improvidently removed and remanded it. *See id.*, Filing No. 19. Farmobile later abandoned that U.S. patent application, but obtained a Canadian patent. See Filing No. 407, Memorandum and Order at 13; Filing No. 407, Memorandum and Order at 18 n.11. The Court lacked jurisdiction to consider claims related to the Canadian patent, which was the subject of a then-pending action in Canada. Filing No. 407, Memorandum and Order at 33 n.21; *see also* Filing No. 483, Stipulation for Canadian Counsel Access to Record.

After resolution of several claims on summary judgment, the parties settled and/or abandoned all the remaining claims, other than Farmobile's claim for attorney fees for the DTSA claim. Filing No. 407, 408, 454, and 456. The Court found against Farmobile on that claim after a bench trial. Filing No. 453. The Court entered judgment on each party's claims, counter-claims, and third-party claims, stating that the parties were to bear their own costs. Filing No. 457, Judgment. Farmobile did not appeal the denial of attorney fees under the DTSA. Farmer's Edge appealed the court's adverse summary judgment

determination, Filing No. 458, and the Court's judgment was affirmed on appeal. Filing No. 484.

Farmobile now seeks recovery of their costs in connection with the defense of Farmers' Edge's claims under the DTSA, the Nebraska Trade Secrets Act ("NTSA"), breach of fiduciary duty and duty of loyalty, conversion, trespass to chattels and civil conspiracy, breach of contract, breach of duty of good faith and fair dealing, the Junkin Act, tortious interference with a business relationship or expectancy, and declaratory judgment of ownership. Farmobile now contends it has been conclusively deemed the "prevailing party" pursuant to 28 U.S.C. § 1920 and accordingly, should be entitled to taxable costs. Farmers' Edge opposes the motion. It argues the motion is properly a Federal Rule of Civil Procedure 54 motion for fees and not a Federal Rule of Civil Procedure 59 motion to alter or amend.

II. LAW

Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party. *Marmo v. Tyson Fresh Meats Co.*, 457 F.3d 748, 762 (8th Cir. 2006); *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000). "Where each of the parties has prevailed on one or more of its claims, defense or counterclaims, the district court has broad discretion in taxing costs." *Johnson v. Nordstrom-Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980).

III. DISCUSSION

Whether regarded as a Rule 54 or Rule 59 motion, the Court finds Farmobile's motion should be denied. The Court stands by its earlier finding that each party should

bear its own costs. Each party was successful to some degree and the Court is unwilling to parcel out respective successes and failures, especially in light of the peripheral U.S and Canadian Patent issues. Although Farmobile may have succeeded as the record owner of a patent application, its abandonment of the patent application makes that a hollow victory. Both sides presented vigorous defenses to claims that, though they may not have been meritorious, were not found frivolous. Based on the Court's familiarity with this protracted and hotly contested litigation, the Court will exercise its discretion to apportion their own costs to both parties. Accordingly,

IT IS HEREBY ORDERED:

1. Farmobile's reasserted motion to alter or amend (Filing No. 489) is denied.
2. A Judgment will be entered in accordance with the mandate of the Court of Appeals for the Eighth Circuit (Filing No. 487).

Dated this 18th day of November, 2018.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

4